## Carter v. Carter.

Dec. 4, 1942.

Fritz Krueger for appellant.

H. C. Kauffman for appellee.

OPINION OF THE COURT BY JUDGE FULTON—Affirming.

The appellee, Sudie Carter, filed this action against her husband, Chas. C. Carter, in August, 1940, seeking a divorce on the ground of cruel and inhuman treatment. Appellant, by counterclaim, sought a divorce on the same ground. Appellant took proof first and appellee, after taking her proof, dismissed her action before final submission. The cause was then submitted on appellant's counterclaim and the chancellor denied him the relief sought and dismissed the counterclaim. The appeal is from that judgment.

It is first contended by appellant that the chancellor was in error in considering any testimony in behalf of appellee for the reason that after the dismissal of her petition there were no pleadings in the record except appellant's counterclaim. There might be merit to this argument in the ordinary case, but a different rule is applicable to divorce actions. Section 422 of the Civil Code of Practice provides that the statements of a petition for divorce shall not be taken as confessed because of the defendant's failure to answer. A counterclaim seeking a divorce is a petition within the meaning of this section. It was therefore incumbent on appellant to prove the allegations of his counterclaim and when he took proof in support thereof appellee had the right to take proof in rebuttal.

346

The statement is made in appellant's brief that the chancellor adjudged that both parties were entitled to the relief sought, but that, since neither was without fault, he could not grant a divorce to either. It is then argued that the husband's fault does not preclude him from obtaining a divorce on the ground of cruel and inhuman treatment. We find, however, that there was no adjudication that both proved their grounds of divorce. It was merely adjudged that appellant was not entitled to a divorce and that each party pay his or her respective attorney's fees and costs. The only question confronting us, therefore, is as to the correctness of this judgment. In any event, if a husband by his conduct brings on himself reasonably to be anticipated nagging and abuse on the part of his wife, which he asserts to be cruel and inhuman treatment, it is obvious that he should not be entitled to relief on such provoked conduct as a ground for divorce. We think that is the situation revealed here—that appellant by his conduct provoked and brought about the nagging and abuse by his wife which he relies on as constituting cruel and inhuman treatment.

The parties were married in the year 1913, and lived together until August, 1940, rearing a family of 10 children. After separation they agreed on a settlement of property rights. Appellant was at one time a deputy sheriff and was later elected county judge, an office he filled for eight years and until January, 1942. Appellant testified at length as to nagging and abuse on the part of his wife. He was corroborated to some extent by two members of his family and several outsiders. Without going into detail, we may say that the evidence might be sufficient to entitled him to a divorce were it not that rebuttal evidence in behalf of appellee established with a fair degree of certainty that most of the nagging and abuse was brought about by his undue attention to and association with a woman of questionable character.

Mrs. Carter admits that there was much unpleasantness between her and her husband and that she continuously and constantly objected to his attention to this woman. She says that up until appellant began this association four or five years before the separation there were only the usual marital ups and downs but that matters were very unpleasant after the association began. In this she is corroborated by five of the children. Three of these children were grown daughters and testified

as to their father's association with the woman. Other witnesses, having no connection with the family, testified that appellant was frequently seen with the woman. It would serve no useful purpose to discuss this evidence in detail. It suffices to say that we have given it careful consideration and it is such as to leave us with little, if any, doubt that appellant was associating with the woman to such an extent as to make it clear that the friendship was more than platonic. It was proven that the woman was suing her husband for divorce and from this the inference is made by counsel for appellee that appellant was seeking a divorce in order that he and the woman might marry. This, of course, is somewhat conjectural, but the evidence leaves us with the feeling that the conjecture is not without support in reason. But, be that as it may, we are satisfied that appellant was guilty of such conduct that he might reasonably have apprehended its consequences and the effect on his wife—had she not nagged she would have been an exceptional woman. Having, by his own conduct, brought on himself nagging and abuse from his wife, which he might reasonably have expected, he is in no position to demand a divorce on this account.

The brief for the appellant is replete with a diatribe against jealousy and its baneful effects, fortified by quotations from the scriptures, the classics and opinions of this Court, but the light shed by these persuasive quotations is dimmed by a realization acquired from the record that appellee's resentment arising from mistrust of her husband was based, not on mere suspicion of his faithlessness but, on cold, actual fact.

It is our conclusion that the chancellor correctly denied appellant a divorce. Having reached the correct conclusion, it is immaterial that he may have traveled the wrong route in doing so.

Judgment affirmed.